UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ROBERT REVELS, III,<br><br>               Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>               Respondent. | CASE NO. C14-5896BHS<br><br>ORDER GRANTING PETITION IN PART, DENYING PETITION IN PART, AND RESERVING RULING IN PART |

This matter comes before the Court on Petitioner Robert Revels's ("Revels") motion to vacate, set aside, or correct his sentence (Dkt. 1) and Revels's amended motion to vacate, set aside, or correct his sentence (Dkt. 17).  The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby rules as follows:

**I. PROCEDURAL AND FACTUAL BACKGROUND**

On April 2, 2010, the Government filed a complaint against Revels alleging that Revels committed an armed bank robbery, he was armed during the commission of a violent felony, and he was a felon in possession of a firearm.  CR10-5268BHS, Dkt. 1.  It is undisputed that Revels has two prior convictions for armed bank robbery and a prior

conviction for evading arrest. *Id.*, Dkt. 104 at 5–6. On April 8, 2010, the Government arrested Revels, and the Court appointed John Carpenter of the Federal Public Defender's Office to represent Revels. *Id.*, Dkt. 4.

On April 21, 2010, the Government filed an indictment against Revels asserting the same violations as were in the complaint. *Id.*, Dkt. 12.

On June 9, 2011, the Supreme Court issued its decision in *Sykes v. United States*, 564 U.S. 1 (2011), concluding that evading arrest is a crime of violence. *Id.* at 16. *Sykes* overruled the law in the Ninth Circuit that evading arrest was not a crime of violence. *Id.* at 7 (citing *United States v. Kelly*, 422 F.3d 889, 892–897 (9th Cir. 2005); *United States v. Jennings*, 515 F.3d 980, 992–993 (9th Cir. 2008); *United States v. Peterson*, No. 07–30465, 2009 WL 3437834, *1 (9th Cir. Oct. 27, 2009)).

On August 10, 2011, Revels filed a motion "to suppress physical evidence, including approximately $8100 in cash that was seized from him following his arrest without probable cause, as well as all post-arrest statements attributed to him." CR10-5268BHS, Dkt. 36 at 1. On November 2, 2011, the Court held an evidentiary hearing on the motion. *Id.*, Dkt. 57. On December 2, 2011, the Court denied Revels's motion. *Id.*, Dkt. 76.

On December 1, 2011, Revels submitted a trial brief and proposed jury instructions. *Id.*, Dkts. 74, 75. In his brief, Revels argued that the Government was taking an all-or-nothing approach to this case and, contrary to that approach, he was entitled to a jury instruction on "the lesser included offense of aiding and abetting

1  unarmed bank robbery." *Id*., Dkt. 74 at 8–16.  Revels proposed an instruction on aiding

2  and abetting and an instruction on unarmed bank robbery.  *Id*., Dkt. 75 at 30–31.

3    On December 5, 2011, the Court held a pretrial conference.  *Id*., Dkt. 78.  During

4  that hearing, Revels waived his right to a jury trial.  *Id*., Dkt. 79.

5    On December 13, 14, 15, and 16, 2011, the Court held a bench trial.  *Id*., Dkts. 89,

6  92, 94, 95.  On the first day of trial, the Government called Modist Satcher, who was the

7  security guard on duty the day of the alleged robbery.  *Id*., Dkt. 89.  Mr. Satcher

8  identified Revels as the person who entered the bank with the gun demanding money.

9  *Id*., Dkt. 98 at 20.  He based this identification on a single photograph that was faxed to

10 the bank with the statement that the robber had been caught.  *Id*.  Defense counsel

11 immediately moved for a mistrial based on unduly suggestive photo identification.  *Id*.,

12 Dkt. 88.  The Court denied the motion for a mistrial because there was no misconduct by

13 the Government.  *Id*., Dkt. 122 at 148–149.  The Court also denied Revels's motion to

14 suppress the identification.  *Id*., Dkt. 123 at 543–44.

15   On the last day of trial, the Court found Revels not guilty of the counts charged in

16 the indictment, but found Revels guilty of the lesser included offense of aiding and

17 abetting an unarmed bank robbery.  *Id*., Dkt. 95.

18   On April 30, 2012, the Court sentenced Revels, in part, to 192 months of

19 incarceration.  *Id*., Dkt. 115.  The Court agreed with the Government and found that

20 Revels was a career offender under the sentencing guideline because his prior convictions

21 for armed bank robbery counted as a predicate crime of violence and, under the residual

22 clause of the guidelines, his evading arrest was a predicate crime of violence.  *Id*., Dkt.

104 at 5–8. Based on this finding, Revels's base offense level rose to 32 with an advisory range of imprisonment of 210–262 months. *Id*. at 7–8. Without the career offender enhancement, the advisory ranges would be 130–162 months or 37–46 months, depending on other enhancements, such as a five-point enhancement for brandishing a firearm, and/or other reductions, such as the two- or three-point reduction for acceptance of responsibility. *Id*. at 8–10 (Government's brief); *id*., Dkt. 107 at 6–7 (Revels's sentencing brief).

On May 3, 2012, Revels appealed. *Id*., Dkt. 117. On July 24, 2014, the Ninth Circuit affirmed Revels's conviction and sentence. *Id*., Dkt. 132; *United States v. Revels*, 534 Fed. App'x 621 (9th Cir. 2013). Specifically, the court found that (1) there was sufficient evidence to support the conviction of aiding and abetting an unarmed bank robbery, (2) the officers had probable cause to arrest Revels, supporting the denial of the suppression motion, (3) Revels's felony for evading arrest was a crime of violence, and (4) the Court did not clearly err "in determining that Revels was not entitled to an acceptance of responsibility adjustment . . . ." *Id*.

On February 24, 2014, the Supreme Court denied Revels' petition for writ of certiorari. *Revels v. United States*, 134 S. Ct. 1343 (2014).

On November 10, 2014, Revels filed the instant motion to vacate, set aside, or correct his sentence. Dkt. 1. Revels asserts eight grounds for relief as follows:

1) He is actually and legally innocent of aiding and abetting an unarmed bank robbery.
2) Ineffective assistance of appellate counsel for failing to appeal the Court's denial of his *Brady* motion.

1    3) Ineffective assistance of trial counsel for failing to investigate Revels's criminal history.
2    4) His prior crime of evading arrest is not a crime of violence.
       5) Ineffective assistance of trial counsel for failing to file a pretrial motion based
3        on government misconduct.
       6) Ineffective assistance of counsel for requesting a lesser included offense.
4    7) His conviction should be reversed for insufficient evidence.
       8) Ineffective assistance of trial counsel for failing to present evidence obtained
5        during Revels's arrest.

6  Dkt. 1 at 4–14.

7       On July 23, 2015, Revels moved to amend his petition to add a claim under

8  *Johnson v. United States*, 576 U.S. __, 135 S. Ct. 2551 (2015).  Dkt. 16.  On July 29,

9  2015, the Court granted the motion to amend.  Dkt. 17.

10      On December 18, 2015, the Government responded.  Dkt. 30.  On January 7,

11  2016, Revels replied.  Dkt. 31.

12      On February 8, 2016, the Court granted Revels's motion for an evidentiary

13  hearing.  Dkt. 32.

14      On May 15, 2016, Revels filed a supplemental memorandum regarding the

15  Supreme Court decision *Welch v. United States*, 587 U.S. __, 136 S. Ct. 1257 (2016).

16  Dkt. 35.

17      On June 24, 2016, the Government supplemented its answer.  Dkt. 39.

18      On July 5, 2016, the Government filed a motion to stay the evidentiary hearing

19  pending a Supreme Court decision in *Beckles v. United States*, No. 15-8544.  Dkt. 43.

20      On July 7, 2016, the Court held an evidentiary hearing.  Dkt. 45.  On July 23,

21  2016, Revels filed a brief in lieu of closing argument.  Dkt. 47.  On August 8, 2016, the

22

Government responded. Dkt. 48. On August 9, 2016, the Government filed an amended response. Dkt. 49.

## II. DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack

28 U.S.C. § 2255(a).

In this case, Revels seeks three types of relief. First, Revels contends that he is legally and factually innocent. Second, Revels contends that he is entitled to a new trial. Third, Revels contends that he is entitled to a new sentence. The Court will address the issues in this order.

**A.     Innocence**

In ground one, Revels asserts that he is legally and factually innocent of the crime of aiding and abetting unarmed bank robbery. Dkt. 1 at 22–26. With regard to factual innocence, the Government argues that this claim is procedurally barred because the Ninth Circuit concluded that there was sufficient evidence to support Revels's conviction. Dkt. 30 at 4–5. The Court agrees with the Government. *See Odom v. United States*, 455 F.2d 159, 160 (9th Cir. 1972) ("The law in this circuit is clear that when a matter has

been decided adversely on appeal from a conviction, it cannot be litigated again on a 2255 motion.").

With regard to legal innocence, Revels argues that, at most, he was guilty of an accessory after the fact and not as an aider and abettor of a completed crime. Dkt. 1 at 22–26. Although the Ninth Circuit's opinion does not directly address this theory, Revels did present this issue in his appeal brief. *See* C 12-30164, Dkt. 4 at 19–31. Therefore, the Court concludes that this argument is also procedurally barred.

**B.    New Trial**

In ground two, Revels argues that his appellate counsel was ineffective for failing to appeal the Court's denial of his motion for a mistrial. Dkt. 1 at 26–32. To show ineffective assistance of counsel, a petitioner must satisfy a two-part standard. First, the petitioner must show counsel's performance was so deficient that it "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 686 (1984). Second, the petitioner must show the deficient performance prejudiced the defense so "as to deprive the defendant of a fair trial, a trial whose result is unreasonable." *Id*. The petitioner must satisfy both prongs to prove his claim of ineffective assistance of counsel. *Id*. at 697.

On this issue, the Government argues that Revels has failed to show either error or prejudice. Dkt. 30 at 5–7. The Court agrees. The Court's finding that the prosecutors did not engage in misconduct is supported by the record because the evidence shows that they were surprised as well by Mr. Satcher's in-court identification. Revels has failed to submit any additional facts to show that raising the issue on appeal would have resulted

in a successful appeal based on Government misconduct. *See id*. at 694 (the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."). Moreover, Revels has failed to establish a violation of the requirements of *Brady v. Maryland*, 373 U.S. 83 (1963). The record does not establish that the Government knew that Mr. Satcher obtained and viewed an impermissibly suggestive photograph before he took the stand. When the Government became aware of Mr. Satcher's actions, it attempted to discover the source of the photograph. *See* Dkt. 124 at 601–604. Most importantly, the Court found admissible Mr. Satcher's identification of Revels as the robber and still acquitted Revels of armed bank robbery implicitly concluding that, even with the identification evidence, the evidence did not show guilt beyond a reasonable doubt. Thus, Revels has failed to show that suppression of the identification would have led to a different result, and the Court denies this claim.

In ground three, Revels argues that his trial counsel provided ineffective assistance by failing to inform Revels that he was a career offender before Revels agreed to the lesser included instruction of aiding and abetting. Dkt. 1 at 32–36. The Government argues Revels fails to show that the alleged error was not reasonable trial strategy, the alleged error violates the duty to consult, or a reasonable probability of a different outcome if the alleged error had not occurred. Dkt. 49. The Court agrees on all three issues. With regard to the duty to consult, "[a]n attorney undoubtedly has a duty to consult with the client regarding important decisions, including . . . whether to plead guilty, waive a jury, testify in his or her own behalf, or take an appeal." *Florida v. Nixon*,

543 U.S. 175, 187 (2004) (internal quotations and citations omitted). "That obligation, however, does not require counsel to obtain the defendant's consent to 'every tactical decision.'" *Id*. (quoting *Taylor v. Illinois*, 484 U.S. 400, 417–418 (1988)).

In this case, the Government argues that the decision to offer a lesser included offense is a tactical decision that does not require the client's consent. Dkt. 49 at 7–8. The Court agrees, at least to the extent that there is no binding precedent to the contrary. Moreover, offering a lesser included offense with a significantly reduced punishment does not seem to be a decision on the level of a defendant's important constitutional right, such as whether to plead or waive a jury. Thus, trial counsel did not err by failing to consult on this issue.

With regard to whether trial counsel made a strategic decision, the Court also agrees with the Government. "[A] tactical decision may constitute constitutionally adequate representation even if, in hindsight, a different defense might have fared better." *Bemore v. Chappell*, 788 F.3d 1151, 1163 (9th Cir. 2015). In hindsight, Revels would have fared better because the Court acquitted him of the crimes as charged and found him guilty of the lesser included offense. This fact, however, is insufficient to establish that Revels's trial counsel erred in making the tactical decision to offer the lesser included. Trail counsel was faced with some fairly damning evidence of Revels's involvement in the robbery, and they chose to present the defense that Revels either aided and abetted or was an accessory after the fact. The Court is unable to conclude that these decisions fell below an objective standard of adequate representation.

Even if offering the lesser included offense was an error, Revels has failed to show prejudice. While scant authority exists on the issue of whether the Court could have *sua sponte* convicted of the lesser included, the Ninth Circuit has approved the practice in some circumstances. *United States v. Vasquez-Chan*, 978 F.2d 546, 554 (9th Cir. 1992) *overruled on other grounds by United States v. Nevils*, 598 F.3d 1158 (9th Cir. 2010) ("other circuits have, under limited circumstances, authorized the entry of a judgment of conviction on a lesser offense after concluding that there was insufficient evidence to support a guilty verdict on the offense of which a defendant was convicted. We agree that the entry of a judgment of conviction on a lesser offense is proper in some instances."). Thus, Revels has failed to show a reasonable probability of a different outcome because the Court, after considering all of the evidence, would have convicted Revels of aiding and abetting.

In ground five, Revels argues that his trial counsel was ineffective for failing to file a motion to suppress evidence based on the fact that he was initially detained by the state. Dkt. 1 at 37–39. The Government contends that the claim is confusing, but to the extent Revels argues that the federal government may not use evidence obtained by state law enforcement officers, the claim should be denied without an evidentiary hearing. Dkt. 30 at 13. The Court agrees because Revels has failed to support this claim with sufficient factual allegations and sufficient authority to show that his counsel should have filed a motion to suppress on this basis. Moreover, Revels has failed to show that he suffered prejudice because of this alleged error. Therefore, the Court denies this claim.

In ground six, Revels presents arguments similar to those in ground three. Specifically, Revels argues that his waiver of his right to testify and waiver of his right to a jury trial were based on inaccurate advice from trial counsel regarding whether Revels would qualify as a career offender. Dkt. 1 at 39–42. While both of these waivers must be knowingly and intelligently waived, the problem with Revels's claim is that he fails to show prejudice. Revels is unable to show that, if granted a new trial, there is a reasonable probability of a better result. The only better result would have been complete acquittal. The Ninth Circuit found sufficient evidence to support the conviction, the Court found evidence beyond a reasonable doubt to support the conviction, and Revels has failed to show that any reasonable factfinder would reach a different conclusion. Moreover, Revels has failed to show that his testimony, if he testified at a new trial, would create reasonable doubt whether he aided and abetted an unarmed bank robbery. Therefore, the Court denies this claim because Revels failed to meet his burden under the second prong of *Strickland*.

In ground seven, Revels challenges the sufficiency of the evidence to support his conviction. Dkt. 1 at 42 –45. The Government argues that the claim is procedurally barred because it was raised and rejected on direct appeal. Dkt. 30 at 15. The Court agrees with the Government and denies this claim. *Odom*, 455 F.2d at 160.

In ground eight, Revels argues that his trial counsel was ineffective because he failed to submit certain evidence at the pre-trial suppression hearing. Dkt. 1 at 45–49. On November 2, 2011, the Court held an evidentiary hearing on Revels's motion to suppress cash found on Revels during his arrest as well as some post-arrest statements.

1  CR10-5268BHS, Dkt. 57.  Revels contends that an audio tape of the arresting officers'
2  conversation directly conflicts with the evidence the Court relied upon in denying his
3  motion to suppress.  Dkt. 1 at 48–49.  The audio tape, however, shows only that one
4  officer was relaying Revels's story to the other officer.  For example, Revels asserts that
5  the officer on the tape states that "[t]his guy is saying that somebody ran by and dropped
6  something off of the bridge, so it may be underneath the bridge." *Id*. at 46.  Revels has
7  failed to show that his counsel committed error by failing to offer the audio tape.  Even if
8  it was somehow an error, Revels has failed to show that the content of the tape would
9  have resulted in suppression of the evidence because the tape shows only what Revels
10 was telling the officers at the scene of the arrest.  Therefore, the Court denies this claim.

11 **C.    Resentence**

12      In ground four, Revels argues that his prior felony for evading arrest is not a crime
13 of violence.  Dkt. 1 at 36 –37.  The Government argues that the issue is barred because it
14 was raised and rejected on direct appeal.  Dkt. 30 at 12–13.  The Court agrees with the
15 Government that this issue was raised and rejected, but, in light of recent Supreme Court
16 opinions, the claim is not barred.  Revels included this claim in his supplemental
17 memorandum.  Dkt. 16.  The Court need not repeat the prior rulings that *Johnson* applies
18 retroactively to the residual clause of the guidelines.  *See Gilbert v. United States*, Case
19 No. 15-cv-1855-JCC, 2016 WL 3443898 (W.D. Wash. June 23, 2016); *Dietrick v. United*
20 *States*, No. C16-705 MJP, 2016 WL 4399589 (W.D. Wash. Aug. 18, 2016); *Beyer v.*
21 *United States*, No. C16-5282BHS, 2016 WL 4611547 (W.D. Wash. Sept. 6, 2016).  In
22 light of these cases, the Court grants Revels's motion on this issue and vacates his

sentence because his evading arrest felony is no longer a predicate crime under the unconstitutional residual clause.

The remaining issue is Revels's argument of ineffective assistance with respect to taking the Government's plea bargain.  Dkt. 1 at 32–34.  Assuming, without deciding, that counsel was ineffective for failing to inform Revels that he would qualify as a career offender when Revels rejected the Government's plea bargains of 15–20 years, it is currently unknown whether Revels can establish a reasonable probability of a better result.  In other words, the Court must resentence Revels before deciding whether taking the plea bargain would have been a better result.  Therefore, the Court reserves ruling on this issue and the case will be stayed pending resentencing.

### III. ORDER

Therefore, it is hereby **ORDERED** that Revels' motion and amended motion to vacate, set aside, or correct his sentence (Dkts. 1, 17) are **GRANTED in part**, **DENIED in part**, and **RESERVED in part** as stated herein.  The parties shall work with the Clerk to schedule a resentencing.

Dated this 5th day of October, 2016.

BENJAMIN H. SETTLE
United States District Judge